# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2615

_____

Gary W. Polzin, doing business as     *
Polzin Glass,     *
    *
        Appellant,     *   Appeal from the United States
    *   District Court for the District
    v.     *   of Minnesota.
    *
Tom Polzin, doing business as Polzin     *       [UNPUBLISHED]
Auto Glass,     *
    *
        Appellee.     *

_____

Submitted: May 12, 2000

Filed: May 18, 2000

_____

Before WOLLMAN, Chief Judge, FAGG, Circuit Judge, and HENDREN,[*] District
     Judge.

_____

PER CURIAM.

This case involves a dispute by brothers Gary W. Polzin and Tom Polzin over use of the name "Polzin Auto Glass" and its variations. After Gary established the business "Polzin Auto Glass," Tom opened a competing business and used the same

_____

[*]The Honorable Jimm Larry Hendren, Chief Judge, the United States District Court for the Western District of Arkansas, sitting by designation.

or similar names. Gary sued Tom in 1995 and a Minnesota state court enjoined Tom from using the name "Polzin" for his business unless the name was clearly identified as "Tom Polzin Auto Glass." After the district court issued the injunction, Tom began using the names "Polzin Tom Auto Glass" and "Polzin Auto Glass Tom." Gary then filed this lawsuit in federal district court challenging Tom's use of these names. The district court concluded the federal lawsuit arises out of the same nucleus of operative facts and presents the same cause of action as the earlier state court lawsuit. Accordingly, the district court held the doctrine of claim preclusion creates an absolute bar to the federal lawsuit. The district court observed Gary should seek appropriate relief in state court rather than relitigating the dispute in federal court. The district court noted Gary could seek enforcement of the state-court injunction or ask the state court to modify its earlier order. The district court thus granted Tom's motion for summary judgment and denied Gary's motion for a preliminary injunction. Gary appeals asserting the doctrine of claim preclusion does not bar this federal action and the district court abused its discretion in denying him a preliminary injunction. Having carefully reviewed the parties' submissions, we agree with the district court that the doctrine of claim preclusion bars this action. We affirm on the basis of the district court's well-reasoned opinion. See 8th Cir. R. 47B. We deny Tom's motion to supplement the record.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.